HARRIS, Judge,
dissenting.
I respectfully dissent.
This case points out dramatically why a trial judge should state the basis of his or her ruling so clearly that even an appellate court can determine what was done below. Otherwise, a judge may be affirmed or reversed for the wrong reason. In either ease, justice is not served. Some judges seem to believe that the less they say the better their chances of being upheld. The majority opinion herein seems to support that belief. But it is better that a judge be right (and affirmed) than be affirmed merely because we are unsure of the basis of his or her ruling.[1]
The majority takes the position that the trial court’s cryptic order is in response to Crocker’s position that the officer seized the shotgun from the top of the cabinet when he observed a portion of the handle sticking out. If I made that assumption, I would agree with the majority. But that would require that I not only assume that the trial judge found Officer Kondrk’s testimony unreliable but also that the trial judge himself, a person with considerable experience in criminal law, is deficient in the law of search and seizure. The only reason for seizing the shotgun found in the owner’s home was that it was thought to be contraband because it had been sawed off and appeared shorter than the law allows. To accept Crocker’s testimony, the judge would have had to believe that Officer *1223 Kondrk saw “a small piece of wood sitting atop a tall cabinet” and immediately “seized it.” As short and concise as the judge’s order is, it nevertheless, in my view, refutes this contention. It is highly unlikely that any judge would find that an officer making a seizure under such circumstances would have even a “suspicion that the shotgun was incriminating but that the suspicion did not rise to probable cause.” Indeed, the officer would have to be clairvoyant even to suppose the object was a shotgun let alone one that was too short. I submit that the judge had no problem in finding that the shotgun properly came into Officer Kondrk’s possession and was addressing Crocker’s position that even after the officer had the shotgun in his possession, since the officer was unfamiliar with the legal length requirements, the illegal nature of the shotgun was not immediately apparent.[2] This issue presents a much closer question and the one I believe the court addressed and the one that I will address.
The trial court’s order suppressing the evidence is based on a “plain view” analysis. In other words, the court, at least by implication, found that the officer’s plain view of the shotgun was not improper; its order merely holds that what the officer observed in plain view was insufficient to constitute “probable cause” to justify the seizure of the weapon.
In its suppression order, the court found: The seizure of the shotgun from the Defendant occurred with the seizing officer having suspicion that the shotgun was incriminating but the suspicion did not rise to probable cause.
This finding could have been based either on the testimony that the officer, although he suspected the shotgun was below the legal length, would have to confirm the length by subsequent measurements, or on the testimony that although the officer was aware of the over-all length limitation of the shotgun, he was unaware of how the measurement should be made. I submit that probable cause, a flexible concept in any event, is present when an officer views a shotgun which has had its barrel cut off and its stock cut off and “appears too short” to.him to meet the required length. An officer should not be expected to be able to visually distinguish with absolute certainty between 26 inches (the legal length) and 24 and 7/8 inches (the length of the shotgun in our case). Further, the fact that the officer might need to get confirmation on how to measure the shotgun should not prevent his having probable cause to seize a sawed-off shotgun that appears to him too short to meet the legal requirements.
The United States Supreme Court explains the concept of probable cause in Texas v. Brown, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983):
As the Court frequently has remarked, probable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would “warrant a man of reasonable caution in the belief,” ... that certain items may be contraband ...; it does not demand any showing that such a belief be correct or more likely true than false. A “practical, nontechnical” probability that incriminating evidence is involved is all that is required. [Citations omitted.]
Our own supreme court has given us guidance on the flexible concept of probable cause. In Schmitt v. State, 590 So.2d 404, 409 (Fla.1991), cert. denied, 503 U.S. 964, 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992), the court held:
As a legal concept, “probable cause” is not capable of a bright-line test. Rather, it involves a fact-intensive analysis that nec *1224 essarily varies from context to context. In particular, the courts are required to weigh two interests that usually are in conflict: society’s recognition that its police forces should be given discretion to investigate any reasonable probability that a crime has occurred, and the individual’s interest in not being subjected to groundless intrusions upon privacy. In the past, we have defined “probable cause” as a reasonable ground of suspicion supported by circumstances sufficiently strong to warrant a cautious person in the belief that the person is guilty of the offense charged.
I submit that when the officer viewed the entire shotgun, sawed-off at both ends, which appeared to him to be less than the legal length, the common-sense probable cause standard was met and the seizure was not unreasonable and was, therefore, legal.
I would reverse the order of suppression.

. That is not to suggest that a judge cannot be right and still be reversed. Such is the system. C’est la vie.

. I also believe the majority has misconstrued the trial court's reason for citing Jones v. State, 648 So.2d 669 (Fla.1994), cert. denied, 515 U.S. 1147, 115 S.Ct. 2588, 132 L.Ed.2d 836 (1995). In Jones, it was the bag containing the clothes, and not the clothes, that was in plain view. There was nothing about the bag that indicated that it held incriminating evidence. Further examination of the contents of the bag would have to be made before the incriminating nature of the bag itself would be apparent. The viewing of the undisclosed contents, without a warrant, was not permitted. In our .case, the court (I believe) recognized that the shotgun was in plain view, but believed that since its incriminating nature could not be confirmed until it was later measured, it was improper to seize the shotgun even though it was in plain view. I do not believe that Jones stands for this proposition.